# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| TUESDAY SHALON JOHNSON, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. CIV-13-812-F |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This action is brought by Petitioner, a federal prisoner appearing pro se, who seeks a writ of habeas corpus under 28 U.S.C. § 2241. This case has been referred by United States District Judge Stephen P. Friot to the undersigned Magistrate Judge for preliminary review, conducting any necessary hearings, entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. §636(b)(1)(B) and (C). For the following reasons, it is recommended that this case be **DISMISSED** without prejudice for lack of jurisdiction.

The case came under review because of Petitioner's failure to respond to an order to cure, ECF No. 4, which was based upon her failure to either pay the appropriate filing fee or file an application to proceed *in forma pauperis*. In the course of that review, the undersigned has discovered that Petitioner is attempting to bring a successive attack on her conviction in Case No. CR-09-21-M, United States District Court for the Western District of Oklahoma. The undersigned therefore finds that this Court

lacks jurisdiction to proceed upon Petitioner's "Habeas Motion to Obtain Relief of the Newly Recognized Right by the Supreme Court," because proper authorization was not first obtained from the Tenth Circuit Court of Appeals.

**BACKGROUND**

By this action, Petitioner seeks relief from her conviction on grounds that she pleaded guilty to possession with intent to distribute crack cocaine based only on the finding of the district court as to the amount of the drugs possessed. Petition, 2. She claims that a decision of the United States Supreme Court handed down in June gives the accused the right to have a jury determine the elements of a criminal offense beyond a reasonable doubt, including a finding as to drug quantity if such increases the statutory mandatory minimum sentence. *Id*. at 2 (citing *Alleyne v. United States,* U.S. ___ ___, 133 S.Ct. 2151 (2013)). She claims that this rule is new and retroactive. Petition, 4.

The undersigned notes that Petitioner pleaded guilty to one count of distribution of a quantity of cocaine base in Case No. CR-09-21-M, United States District Court for the Western District of Oklahoma (May 6, 2009), and was initially sentenced to a term of imprisonment of 240 months, followed by a three-year term of supervised release. *Id.* (Sept. 30, 2009). On September 29, 2010, Petitioner filed a motion for relief from her conviction under 28 U.S.C. § 2255, claiming that her plea was unlawfully induced and thus not voluntary, that she was denied effective assistance of trial counsel, and that there were "technical defects in the indictment." *United States v. Johnson*, Case

2

No. CR-09-21-M (ECF No. 598) (W.D. Okla. Sept. 29, 2010). A civil case was opened for purposes of considering Petitioner's § 2255 Motion. *See* Case No. CIV-10-1060, United States District Court for the Western District of Oklahoma. Chief Judge Miles-LaGrange denied the § 2255 motion on September 16, 2011. *Id.* at ECF No. 2.

The parties in Petitioner's criminal case also filed a joint motion for retroactive application of sentence guidelines that would result in reduction of her sentence to 210 months. Case No. CR-09-21-M, ECF No. 824 (W.D. Okla. Nov. 21, 2012). The motion was granted by Chief Judge Miles-LaGrange on November 28, 2012. *Id.* at ECF No. 825.

Now, by this "habeas motion," Petitioner again challenges her conviction in Case No. CR-09-21-M. Petitioner does not indicate the statutory basis for her request for habeas relief; however, the Tenth Circuit has held that if a motion in substance or effect asserts or reasserts a federal basis for relief from the underlying conviction it should be treated as a successive § 2255 motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (comparing Fed.R.Civ.P. 60(b) to a motion under § 2255). Petitioner is clearly relying on a recent United States Supreme Court decision as a federal basis for relief from her underlying conviction. Accordingly, under 28 U.S.C. § 2255(h), Petitioner must obtain authorization from the Tenth Circuit Court of Appeals before filing her successive motion; this Court has no jurisdiction to proceed without such prior authorization. *See e.g., Robinson v. United States,* __ Fed.Appx.__, 2013 WL 5185119 (10th Cir. Sept. 17, 2013) (unpublished op.). Accordingly, the undersigned's order to cure, **ECF No. 4**, is hereby **VACATED**, and it is recommended that this case

be **DISMISSED** for lack of jurisdiction.

The undersigned has considered whether the case should be transferred to the Tenth Circuit rather than dismissed. "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the appellate] court, the district court may transfer the matter to [the appellate] court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008)(per curiam). "Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time-barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *Id.* at 1251. In this case, Petitioner is relying on the effect of a new United States Supreme Court decision rendered in June 2013. Were her claim meritorious, it would arguably be timely under § 2244(d)(1)(C). As far as the merit of her claim, the Tenth Circuit Court of Appeals has recently held that *Alleyne* does not apply retroactively to cases on collateral review. *In re Payne*, __ F.3d __, 2013 WL 5200425 at * 1-2 (10th Cir. Sept. 17, 2013). It is difficult to determine whether Petitioner's claims were filed here in good faith, and so the undersigned finds this factor to be neutral. Based upon the relevant, applicable factors, the undersigned finds that dismissal rather than transfer is the appropriate action in the case now under review.

## **RECOMMENDATION**

Based upon the foregoing, the undersigned recommends that this action be

4

**DISMISSED WITHOUT PREJUDICE for lack of jurisdiction**. This action seeks relief from a federal conviction that has previously been attacked in a motion under 28 U.S.C. § 2255, and was filed without first obtaining the required authorization from the Tenth Circuit Court of Appeals under § 2255(h). Petitioner is advised of her right to file an objection to this Report and Recommendation with the Clerk of Court by **October 15, 2013**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P.72. Petitioner is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED on September 24, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE